(No. 3565— ▮▮▮▮▮)

HARRY J. LAUGHLIN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 9, 1941.*

KARNS & BANDY, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

The complaint herein represents that claimant while he was employed by respondent as an Illinois State Highway Maintenance Policeman on December 11, 1938, was called to the scene of an accident on U. S. Route No. 40 between East St. Louis and Collinsville; that while engaged with others in the task of removing a wrecked automobile, he was struck by another car driven along the highway at an excessive rate of speed by one Henry Paoli. The complaint further recites that claimant sustained a fractured left thumb, cuts upon the face and head and a fractured left knee and leg resulting in an almost total impairment in the use of such leg; that hospitalization and medical treatment have been furnished by respondent; that claimant has made investigation and has found that Henry Paoli is financially insolvent and carried no liability insurance at the time of the accident in question.

Claimant does not attempt to conform to the recitals necessary to afford redress under the terms of the Workmen's Compensation Act of Illinois, but asks for an award of Seven Thousand Five Hundred ($7,500.00) Dollars from respondent, in equity and good conscience. No Bill of Particulars is attached to the complaint.

The complaint was filed December 9, 1940.

The Attorney General has filed a motion on behalf of respondent to dismiss the complaint and supports such motion with an affidavit signed by Mr. M. K. Lingle, Engineer of Claims, of the Department of Public Works and Buildings. The affidavit discloses that following claimant's accident on December 11, 1938, claimant was paid full salary during his periods of temporary total disability, the payment for the tenth and last period being made on August 15, 1939, being

for the period ending August 6, 1939; that claimant returned to work on August 7, 1939 and was not absent from duty as a result of such injury at any time during the succeeding year following August 7, 1939.

There is no provision of law under which the Court of Claims could justify an award to claimant except under the terms of the Workmen's Compensation Act. Claimant fails to bring himself within the terms of the latter act, and there is therefore no basis upon which an award in his favor can be made for the injuries of which he complains. Recovery for injuries suffered by one while actively engaged in the performance of his duties as an employee of the State, is provided for under Section 6 (6) of the Act creating the Court of Claims (Laws 1917, page 325). Awards made under such authority are to be made in accordance with the rules prescribed in the Workmen's Compensation Act. Section 24 of that Act provides that notice of claim for damages must be given to the employer within six months, and that application for compensation or award must be filed within one year after the accident complained of or within one year after the last payment of compensation that has been made by the employer for injuries sustained in such accident.

The complaint herein filed is insufficient on its face, and the recitals therein and the date of filing such complaint show no award could be made under the terms of the Workmen's Compensation Act.

The motion of the Attorney General is therefore allowed and the claim dismissed.